# Richmond

## PHILANDER T. LUCAS v. RESEARCH ANALYSIS CORPORATION AND TRAVELERS INSURANCE COMPANY.

December 2, 1974.

Record No. 740337.

Present, All the Justices.

*William M. Kabler*, for appellant.

*Brian H. Rhatigan*, for appellees.

*Per Curiam.*

Claimant, Philander T. Lucas, was awarded compensation by the Industrial Commission for an injury sustained while employed by Research Analysis Corporation. On February 22, 1971, he filed a letter application with the Commission alleging a change in his condition and asking for a review of his prior award. Upon a hearing before a deputy commissioner of the Commission the review was denied and the application was dismissed on the ground that claimant had not complied with the requirements of Code § 65.1-99, as amended, since the application was filed more than twelve months from the last day for which claimant was paid compensation. The full Commission affirmed this ruling.

The deputy commissioner's findings of fact pertinent to this appeal, which were adopted by the full Commission, were as follows: On December 18, 1969, an award was entered by a deputy commissioner providing claimant compensation for total

work incapacity from October 24, 1966, through July 9, 1967, and 15 percent permanent partial loss of the use of his right leg beginning November 25, 1967, and continuing for a period of 26¹/₄ weeks. May 26, 1968, was the last day for which compensation was paid to the claimant pursuant to the award. Upon appeal by the employer and its insurance carrier the award was affirmed by the full Commission on March 13, 1970.

Claimant contends on this appeal that since his change in condition application was filed within one year after the full Commission affirmed his award, he had complied with the provisions of Code § 65.1-99.

Code § 65.1-99, as amended, in pertinent part, provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act .... No such review shall affect such reward as regards any moneys paid *but no such review shall be made after twelve months from the last day for which compensation was paid, pursuant to an award under this Act ...*." (Emphasis added.)

The language of the statute is clear and unambiguous. It requires that an application for a review of an award based upon a change in condition be filed not later than twelve months from the last day for which compensation was paid to the claimant. Here the last day for which compensation was paid claimant was May 26, 1968. There is no provision in the statute tolling the twelve-month period during the pendency of an appeal of the award to the full Commission. Claimant could have filed his application before the expiration of the limitation period. Moreover, there is no evidence that the employer and its insurance carrier waived their right to rely on the limitation in the statute or that they were estopped from doing so.[1] Since claimant's application was not filed until February 22, 1971, more than twelve months from the last day for which compensation was paid, the Commission did not err in dismissing his claim.

*Affirmed.*

1. *Cf. Binswanger Glass Co. v. Wallace,* 214 Va. 70, 74, 197 S.E.2d 191, 194 (1973), and the cases there cited.