**Norfolk**

STEPHEN HERVEY

v.

NEWPORT NEWS SHIPBUILDING & DRY DOCK CO.

No. 1100-89-4

Decided March 19, 1991

## Counsel

Oldric J. LaBell, Jr., for appellant.

Lawrence P. Postol (Seyfarth, Shaw, Fairweather & Geraldson, on brief), for appellee.

## Opinion

**KOONTZ, C.J.**—Stephen Hervey appeals a decision of the Industrial Commission dismissing his application for workers' compensation benefits on the ground that his claim was barred by the two year statute of limitations for filing claims under Code § 65.1-87. Inherent in that decision was the commission's finding that the statute of limitations was not tolled under Code § 65.1-87.1. Hervey contends the statute of limitations was tolled by certain payments to him from Newport News Shipbuilding & Dry Dock Company (Company) and regardless, the Company should be estopped from relying on the statute of limitations since it failed to file an accident report with the commission as required by Code § 65.1-124. In the alternative, Hervey asserts he is entitled to benefits based on an occupational disease claim.

On July 2, 1986, Hervey fell at work and struck his head, lacerating his eyebrow. He reported to the Company clinic where he received medication and several sutures for the lacerations. He returned to work the next day. For the following month, he suffered from dizzy spells and losses of consciousness. However, during his return visits to the clinic for his lacerations, Hervey evidently neglected to inform the clinic physician of his spells of dizziness or unconsciousness. He cannot remember informing the physician and his clinic records contain no reference to these symptoms. On January 20, 1987, Hervey suffered a grand mal seizure, and sub-

sequently has suffered other seizures.

Hervey filed a "Health and Weekly Disability Claim" with the Company's health claims department on January 30, 1987. The claim was filed with the Company's benefits office, which is separate from the Company's workers' compensation department. The benefits office does not handle workers' compensation claims. The Company's health claims department only handles non-occupational injuries or illnesses.

In his claim form, Hervey failed to complete the portions of the form under the heading "Patient & Insured Information" that would have indicated whether the seizures were related to employment and, if related to an accident, when the accident occurred. Likewise, the physician failed to complete his portion of the form indicating the date of the injury. Instead, the form described the seizure as an apparent "single event," without relating it to Hervey's head injury at work.

Prior to the injury, Hervey had never applied for or received workers' compensation benefits. Also, he had never filed a claim for sick pay. Hervey testified that he was under the belief that the claim forms he filed with the Company were for workers' compensation benefits.

During the five months he was away from work, Hervey received from the Company weekly disability payments in the amount of $120, approximately one-half the amount of his weekly salary. The checks did not disclose whether they were workers' compensation or insurance payments. However, the payments were in fact coming from the Company's health and accident policy, not from its workers' compensation insurer. The Company also paid only a portion of Hervey's medical bills while Hervey had to pay a deductible in accordance with the Company's health plan coverage.

For its part, the Company, on July 7, 1986, filed a first report of injury under the Longshore and Harbor Workers' Compensation Act with the federal Office of Workers' Compensation Programs, which administers that act. On January 17, 1989, the Company finally filed with the Industrial Commission a first report of accident, which is required to be filed within ten days after the accident under Code § 65.1-124.

In late August 1988, more than two years after the date of his injury, Hervey filed an application for a workers' compensation benefits hearing. In the application, he indicated the hearing was for a change in condition of an accidental injury. There was no indication that the hearing concerned an occupational disease. A hearing was granted and held on February 3, 1989 before the deputy commissioner. After receiving all the evidence and testimony, the deputy commissioner ruled Hervey's right to compensation under the Workers' Compensation Act was barred since Hervey failed to file a claim with the commission for the initial injury within two years. The deputy commissioner noted Hervey's claim was barred unless the Company's acts prevented Hervey from filing a claim. The deputy commissioner concluded that since the Company "duly filed and the claimant received medical benefits pursuant to the employer's health benefit scheme," Hervey was not "sufficiently prejudice [sic] to warrant the requirements necessary to invoke estoppel."

Hervey applied to the commission and obtained a review of the deputy commissioner's decision. In his brief to the commission, he raised three issues: "(1) the construction and application of Section 65.1-87.1; (2) the effect of the fact that the employer did not file an accident report with the Industrial Commission as required by Section 65.1-124 and (3) whether the limitation period (Section 65.1-49) for an occupational disease is applicable in this case." Without addressing the issue of occupational disease, the commission affirmed the decision. The commission ruled the Company's failure to file the first report of accident did not toll the statute of limitations. The commission found there was nothing in the record to show the Company misled or induced Hervey to delay filing a claim, nor any evidence to support a finding of fraud on the Company's part. The commission noted that Hervey received the benefits for which he applied and that he never questioned the inconsistencies between the amount of benefits he received under the health plan and the amount he would have received as workers' compensation benefits.

Since Hervey failed to raise the occupational disease issue in the initial hearing before the deputy commissioner, the full commission, apparently in accordance with the established Rules of the Industrial Commission, refrained from addressing the issue. We also cannot address Hervey's argument that since his injury is

an occupational disease, the statute of limitations does not bar his claim. He did not properly raise this issue before the Industrial Commission. We cannot consider an issue raised for the first time on appeal. Rule 5A:18. Thus, we turn to the remaining issues raised by Hervey.

Hervey contends the Company should be estopped from relying on the statute of limitations since it failed to properly file a first report of accident in accordance with Code § 65.1-124.[1] He argues that if the Company had filed a first report of accident with the commission, then the commission would have sent him a pamphlet informing him of the necessary steps he should have taken to guard his rights; thus, the Company's failure to comply with the statutory directive resulted in prejudice to him.

Hervey erroneously relies on Code § 65.1-87.1 to support his argument. This Code section, in effect at the time of these proceedings, provided in pertinent part:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee . . ., and although no award has been entered, such employer nevertheless has paid *compensation* to such employee during incapacity for work resulting from such injury, *and such conduct of the employer has operated to prejudice the rights of such employee* with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.1-124 . . . .

(emphasis added).

■ This section of the Code provides for the tolling of the statute of limitations under certain circumstances. It also specifies instances where the statute of limitations will not be tolled because of a *per se* absence of prejudice to the claimant. One of those instances is where an employer has filed a first report of accident

---

[1] Code § 65.1-124 states in pertinent part that "[w]ithin ten days after the occurrence and knowledge thereof as provided in § 65.1-85, of an injury to an employee, a report thereof shall be . . . mailed to the Industrial Commission . . . ."

as required by Code § 65.1-124. Therefore, a proper reading of Code § 65.1-87.1 prevents tolling of the statute of limitations when Code § 65.1-124 has been satisfied but does not mandate the tolling of the statute of limitations where a first report of accident has not been filed. Instead, Code § 65.1-127 provides for a mandatory fine of not more than $250 where an employer has failed to file a first report of accident.

■ Hervey's remaining and primary argument is that the statute of limitations was tolled since the Company paid his medical bills and continued to pay him a portion of his salary during his period of disability. Again, he relies on Code § 65.1-87.1 to support his argument. This section of the Code provides for the tolling of the statute of limitations where three criteria are established. First, the employer must have received notice of an accident resulting in compensable injury to an employee as required by Code § 65.1-85. In this case, it is clear that the Company received notice of the accident. Second, the employer must have paid "compensation"[2] to an injured employee during incapacity for work resulting from the injury. Here, the parties disagree over whether the Company's payments to Hervey constituted "compensation" under the Workers' Compensation Act. Finally, the employer's payment of compensation must have operated to prejudice the rights of the employee with respect to the filing of a claim prior to the expiration of the statute of limitations. Again, the parties disagree over whether the conduct of the Company prejudiced Hervey's rights with respect to the filing of his claim within two years of the accident.

■ In essence, Hervey argues that the term "compensation" as used in Code § 65.1-87.1 should be broadly interpreted and "should cover any payments made by the employer to the employee while disabled," thereby covering the payments made to him in this case. Specifically, he argues that "compensation" includes payment of medical bills or any monetary payment. The commission did not specifically address this issue. Rather, it found that "the confusion on [Hervey's] part as to whether he was receiving workers' compensation benefits or Health and Accident benefits may be understandable but it was not caused by the em-

---

[2] In 1989, Code § 65.1-87.1 was amended to include compensation "or wages." This amendment is not applicable to the present case and we express no opinion concerning its applicability to circumstances such as those presented in this case.

ployer. [Hervey] received the benefits for which he applied." Arguably, implicit in this finding is the further finding that for purposes of Code § 65.1-87.1 the payment of medical bills and partial salary under the Company's health and accident policy was not "compensation." While compensation is not defined in the Virginia Workers' Compensation Act, in *Bowden v. Newport News Shipbuilding & Dry Dock Co.*, 11 Va. App. 683, 401 S.E.2d 884 (1991), for purposes of applying Code § 65.1-87.1, we "[found] nothing in Code § 65.1-87.1 to indicate that the legislature intended the term 'compensation' to apply to payments other than those mandated by Chapter 5, i.e., lost wages or a percentage thereof paid in lieu of an award by the commission." In *Bowden* we held that payments received by the claimant pursuant to the Longshore and Harbor Workers' Compensation Act were not "compensation" as contemplated by Code § 65.1-87.1. We reasoned that payments made outside the requirements of the Virginia Act are not included within the provisions of this Code section. *Bowden* is controlling here. The payments which Hervey received from the Company's health and accident policy were payments outside the requirements of the Virginia Act and as such were not compensation under Code § 65.1-87.1. Accordingly, the provisions of this Code section are not applicable to this case for purposes of tolling the statute of limitations.

Finally, even though Code § 65.1-87.1 is not applicable to this case we must determine whether the Company is estopped from relying on the statute of limitations proscribed in Code § 65.1-87. *Stuart Circle Hospital v. Alderson*, 223 Va. 205, 288 S.E.2d 445 (1982), is controlling. Here, the commission's finding that the Company was guilty of neither actual nor constructive fraud designed to deter Hervey from filing a workers' compensation claim is amply supported by the record. In addition, there is nothing in the record from which it reasonably could be inferred that the Company was guilty of any misconduct which misled Hervey to his detriment. Hervey filed a "Health and Weekly Disability Claim" with the Company's health claims department more than six months after the date of the accident. That department handled non-occupational injuries and illnesses and was totally detached from the Company's workers' compensation department. Hervey never contacted the Company's workers' compensation department until he filed a claim over two years after the accident.

The Company responded to Hervey's health and disability benefits claim by providing him with payments under its health and disability insurance plan. As noted by the Commission, Hervey received the benefits for which he applied. There is nothing in the record to suggest the Company was attempting to mislead Hervey. In contrast, Hervey never questioned why he was receiving only partial payment of his medical bills and had to pay a deductible, which was in accordance with the health benefits plan and contrary to the mandate of the Workers' Compensation Act. Hervey's failure to contact the workers' compensation office to notify the Company of the alleged relation of his seizures to his accident and to question the amount of his benefit payments were the cause of the loss of his rights.

In summary, we hold that Code § 65.1-87.1 is not applicable to this case. We agree with the commission's finding that because the Company was not guilty of any misconduct which misled or induced Hervey to delay the filing of a workers' compensation claim within the required two years, his claim is barred pursuant to Code § 65.1-87.1. Therefore, we affirm the commission's decision.

*Affirmed.*

Baker, J., and Barrow, J., concurred.