COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

LINWOOD W. BURT

v.          Record No. 2403-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
McLEAN CONTRACTING COMPANY                NOVEMBER 14, 1995
and
FIDELITY & GUARANTY COMPANY OF NEW YORK

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Oldric J. Labell, Jr., for appellant.

        R. John Barrett (Kelly O. Stokes; Vandeventer, Black,
        Meredith & Martin, L.L.P., on brief), for appellees.


        Linwood W. Burt (claimant), appeals from a decision of the

Workers' Compensation Commission (commission), denying his claim

for permanent disability benefits on the ground that his claim

was barred, as being untimely, by Code § 65.2-708(A).

        Claimant suffered a compensable injury by accident on April

15, 1980.  He last received compensation for that injury on

January 30, 1990.  On September 7, 1994, claimant filed an

application for benefits with the commission, requesting

permanent disability benefits as a result of the April 15, 1980

accident.  An assistant claims examiner denied claimant's

application on the ground that Code § 65.2-708 barred its
consideration.  On October 18, 1994, the commission affirmed the

decision of the assistant claims examiner, finding that the

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant last received compensation benefits on September 8, 1981.  Claimant moved for a rehearing, and the commission denied the motion on November 17, 1994.  Claimant filed a notice of appeal to this Court on November 30, 1994.[1]

Code § 65.2-708(A), Review of award on change in condition, provides that:

> A.  Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. . . . <u>No such review shall be made after</u> twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) <u>thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503</u> [Compensation for permanent loss] . . . .

(Emphasis added.)

The record in this case clearly indicates that claimant's September 7, 1994 application was untimely.  Claimant last received compensation for his injury on January 30, 1990 and did not file his application for benefits based upon a change in

---

[1] It should be noted that this opinion does not address whether claimant timely filed his appeal from a "final decision of the Virginia Workers' Compensation Commission," in accordance with Code § 17.116-05 and Rule 5A:11.

condition until September 7, 1994. Thus, a time period of more than fifty-five months, more than nineteen months beyond the thirty-six-month statute of limitations set forth in Code § 65.2-708, elapsed before claimant filed his application.

The fact that the commission in its October 18, 1994 opinion erroneously specified the last date which claimant received benefits as September 8, 1981 is immaterial. As the Supreme Court of Virginia stated in Robbins v. Grimes, 211 Va. 97, 175 S.E.2d 246 (1970), "[w]e do not hesitate, in a proper case, where the correct conclusion has been reached but the wrong reason given, to sustain the result and assign the right ground." Id. at 100, 175 S.E.2d at 248.

Claimant argues that the statute of limitations specified in Code § 65.2-708 should be tolled on his behalf. We find nothing in the record to support claimant's contention. See Lucas v. Research Analysis Corp., 215 Va. 336, 337, 210 S.E.2d 143, 143 (1974) (Supreme Court refusing to toll the provision set forth in statute predating Code § 65.2-708 relating to the timeliness of an application based upon a change in the claimant's condition).

Claimant also argues that the doctrine of imposition should be applied in this case; however, he fails to cite any authority which supports this position, and we can find none.

Under the facts of this case, we find no reason to grant the employer's request for sanctions.

For the foregoing reasons, we affirm the decision of the

commission.

Affirmed.