COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bumgardner


CATHERINE MORRISSEY JACKSON

                                        MEMORANDUM OPINION*
v.    Record No. 2889-99-2                 PER CURIAM
                                          MAY 2, 2000
J. SARGENT REYNOLDS COMMUNITY COLLEGE/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Catherine Morrissey Jackson, pro se, on
                brief).

                (Mark L. Earley, Attorney General; Gregory E.
                Lucyk; Senior Assistant Attorney General;
                Scott J. Fitzgerald, Assistant Attorney
                General, on brief), for appellee.


        Catherine Morrissey Jackson (claimant) contends that the

Workers' Compensation Commission (commission) erred in (1)

failing to address the issue of whether her attorney's fees

should be assessed against the employer and insurer; (2)

ordering that her attorney was entitled to collect $1,500 in

attorney's fees directly from her; (3) not addressing the issue

of whether attorney's fees should be assessed against employer

pursuant to Code § 65.2-713; (4) failing to find that her

attorney should be estopped from seeking payment of his

attorney's fees and costs directly from her when he failed to

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

raise the issue of employer's responsibility for those costs and fees before the commission; (5) dismissing the show cause order against employer; (6) finding in its July 9, 1999 opinion that claimant was responsible for her attorney's alleged costs without affording her due process; and (7) not addressing the issue of claimant's attorney's conflict of interest created when he was awarded attorney's fees directly from claimant and, therefore, had no incentive to pursue claimant's claim that employer should be held responsible for the attorney's fees. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

On April 2, 1999, after a hearing, Deputy Commissioner Tabb awarded claimant compensation and medical benefits and entered an award of $1,500 attorney's fees to be paid to claimant's attorney from accrued compensation. Neither party sought review of the April 2, 1999 opinion and, therefore, it became final.

On March 31, 1999 and April 28, 1999, claimant's attorney requested that claimant reimburse him for his costs incurred of $81.10.

By letter dated May 14, 1999, claimant's attorney requested a show cause order be issued by the commission against the

employer/insurer because his attorney's fees had not yet been paid from claimant's accrued compensation.

On May 25, 1999, a claims examiner sent a letter to claimant informing her that her attorney was permitted to charge her directly for costs over and above his attorney's fees. The letter also informed claimant that if she disagreed with its contents she had twenty days to file an appeal. On June 11, 1999, claimant filed a request for review with respect to the issue of her attorney's costs.

On June 3, 1999, the commission issued an order against employer/insurer to show cause why they should not be held in contempt for failure to timely comply with payment of attorney's fees as directed in the April 2, 1999 opinion.

On June 24, 1999, the commission entered an order finding that because claimant was paid her full salary during the period of disability, no accrued compensation was owed and, therefore, there were no monies from which to deduct the $1,500 attorney's fees. Accordingly, the commission quashed the show cause order. Neither party sought review of that decision. By letter dated June 30, 1999, claimant's attorney renewed his request that the commission order claimant to pay the $1,500 attorney's fees directly to him.

On July 9, 1999, the commission issued a review opinion with respect to the costs issue only. In that opinion, the commission found claimant responsible to reimburse her attorney

for $81.10 in costs. Claimant did not appeal that decision to this Court and, therefore, it became final.

On August 25, 1999, at the request of claimant's counsel, Deputy Commissioner Mayo entered an order allowing claimant's counsel to collect his previously awarded attorney's fees directly from claimant. On September 13, 1999, claimant filed a request for review of the August 25, 1999 order. In that request for review, claimant argued for the first time that employer should pay her attorney's fees because she prevailed in the case, or in the alternative, her attorney's fees should be deducted from her accrued vacation time. Claimant also asserted that because her attorney did not appear at the June 24, 1999 show cause hearing and he did not appeal the resulting order, the commission should reconsider its ruling regarding the attorney's fees issue. Claimant's attorney filed a written statement in which he argued that claimant should be permitted to raise the issue of whether employer/insurer should be held liable for claimant's attorney's fees and costs pursuant to Code § 65.2-713.

On November 8, 1999, the commission affirmed the deputy commissioner's August 25, 1999 order, finding no basis to assess claimant's counsel's attorney's fees against employer. In so ruling, the commission found as follows:

> [C]laimant did not raise the issue of the assessment of costs and fees pursuant to Va. Code Ann. § 65.2-713 in a hearing on this

- 4 -

matter. The Commission has the discretion to award an attorney's fee to be paid by the employer if it determines that proceedings are brought or defended by the employer or insurer without reasonable grounds. However, no such findings have been made in this matter, and no award of attorney's fees pursuant to Va. Code Ann. § 65.2-713 has ever been made in any of the proceedings which have persisted before the Commission in regard to the payment of the assessed attorney's fees. The attorney's fees have always been ordered to be either deducted from the claimant's accrued benefits or to be paid by the claimant, herself, presumably from the salary which she was paid in lieu of compensation benefits or from other resources.

We decline to reopen the issue of an award of fees pursuant to § 65.2-713 as this issue was not raised before either of the deputy commissioners who have considered the issue. Furthermore, we see no evidence that there has been at any time an unreasonable defense asserted in this matter.

Claimant did not appeal to this Court the commission's July 9, 1999 opinion requiring that she pay her attorney's costs of $81.10. Therefore, that decision became final, and we cannot address any issues raised by claimant in this appeal with respect to costs. In addition, claimant did not request review before the full commission of the June 24, 1999 decision quashing the show cause order. Therefore, we cannot address claimant's contention on appeal that the commission erred in dismissing the show cause order.

Because claimant failed to raise the issue of the assessment of attorney's fees issue pursuant to Code § 65.2-713

before either of the deputy commissioners that previously considered the attorney's fees issue, the full commission, apparently in accordance with the established Rules of the Workers' Compensation Commission, declined to address that issue.  We also cannot address claimant's arguments for the first time on appeal that employer should pay her attorney's fees and costs pursuant to Code § 65.2-713 or that her attorney should be estopped from collecting his fees from her.  Claimant did not properly raise these issues before the commission.  See Hervey v. Newport News Shipbuilding & Dry Dock Co., 12 Va. App. 88, 91-92, 402 S.E.2d 688, 690 (1991) (citing Rule 5A:18).

Accordingly, we affirm the commission's decision.

Affirmed.