COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


THE CENTER FOR OBSTETRICS AND
 GYNECOLOGY, INC.

                                    MEMORANDUM OPINION*
v.    Record No. 2430-02-1              PER CURIAM
                                    FEBRUARY 11, 2003
VIRGINIA BIRTH-RELATED NEUROLOGICAL
 INJURY COMPENSATION FUND, ALISON NICOLE
 TODD, AN INFANT, BY PAMELA AND MICHAEL
 LEE TODD, HER MOTHER AND FATHER, AND
 HENRY C. DEMKOWSKI, M.D.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John Franklin, III; Christopher J. Wiemken;
            Taylor & Walker, P.C., on brief), for
            appellant.  Appellant submitting on brief.

            (John W. Vaughan, Jr.; Hirschler Fleischer,
            P.C., on brief), for appellee Virginia
            Birth-Related Neurological Injury
            Compensation Fund.  Appellee Virginia
            Birth-Related Neurological Injury
            Compensation Fund submitting on brief.

            No briefs for appellees Alison Nicole Todd,
            An Infant, by Pamela and Michael Lee Todd,
            her Mother and Father and Henry C.
            Demkowski, M.D.


     The Center for Obstetrics and Gynecology, Inc. ("the

Center") appeals from a decision of the Workers' Compensation

Commission awarding benefits pursuant to the Virginia

Birth-Related Neurological Compensation Act ("the Act").  The

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Center contends the commission erred in (1) finding that pursuant to the terms of the Act the commission did not have jurisdiction over the Center, a professional corporation; (2) finding that the April 1, 2000 amendments to Code §§ 38.2-5001 and 8.01-273.1 do not apply retroactively to the present case; and (3) granting the infant complainant a double recovery, that is recovery under the Act and recovery through a medical malpractice action. We grant the Center's motion for an expedited review, and affirm the commission's decision.

We find that the disposition of the first two questions raised by the Center is controlled by our decision in Berner v. Mills, 38 Va. App. 11, 560 S.E.2d 925 (2002).[1] Accordingly, we affirm the commission's finding that the 2000 amendments to the Act are not to be applied retroactively, and the Center was not subject to the jurisdiction of the Act.

With respect to the issue of double recovery, we decline to address that issue on appeal. The Center did not raise the double recovery issue at the hearing before the deputy commissioner nor did the deputy commissioner address that issue in her opinion. The Center did not raise the double recovery issue in its Request for Review before the full commission. The Center first raised the double recovery issue in its written statement filed with the commission on review. The full

---

[1] We recognize that the Supreme Court has granted an appeal in Berner.

- 2 -

commission did not address the double recovery issue in its opinion. The Center then filed a Motion for Reconsideration, requesting that the commission reconsider its opinion and address the double recovery issue raised in the written statement. The full commission denied the Motion for Reconsideration "based on review and consideration of the motion for reconsideration."

In Hervey v. Newport News Shipbuilding & Dry Dock Co., 12 Va. App. 88, 402 S.E.2d 688 (1991), a case similar to this case in that an issue was first presented to the commission in the written statement, this Court found as follows:

> Since [claimant] failed to raise the occupational disease issue in the initial hearing before the deputy commissioner, the full commission, apparently in accordance with the established Rules of the Industrial Commission, refrained from addressing the issue. We also cannot address [claimant's] argument that since his injury is an occupational disease, the statute of limitations does not bar his claim. He did not properly raise this issue before the Industrial Commission. We cannot consider an issue raised for the first time on appeal.

Id. at 91-92, 402 S.E.2d at 690 (citing Rule 5A:18). Accordingly, because the Center failed to properly raise the double recovery issue before the commission, we cannot consider it for the first time on appeal.

We do not find that the Motion for Reconsideration cured the Center's failure to properly raise the double recovery

issue.  The commission denied the Motion for Reconsideration without addressing the merits of the double recovery issue, implicitly finding that the double recovery issue was not properly before it.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>