COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


CARLOS ANDRES ARIAS

                                                          MEMORANDUM OPINION*
v.        Record No. 0639-04-4                                PER CURIAM
                                                          AUGUST 10, 2004
UNITED MASONRY OF VIRGINIA, INC. AND
  TWIN CITY FIRE INSURANCE COMPANY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Simon M. Osnos; Osnos & Kim, LLC, on brief), for appellant.
                Appellant submitting on brief.

                (William T. Kennard; O'Connell, O'Connell & Sarsfield, on brief),
                for appellees.  Appellees submitting on brief.


        The Workers' Compensation Commission denied Carlos Andres Arias's

change-in-condition application seeking an award of temporary total disability benefits.  Arias

contends the commission erred in finding that the limitations period for filing his application was

not tolled and in ruling that the doctrine of imposition did not apply to preclude United Masonry

of Virginia, Inc. and its insurer (collectively referred to as "employer") from asserting the

limitations period as a defense.  For the reasons that follow, we affirm the commission's

decision.

        On appeal, we view the evidence in the light most favorable to the prevailing party

below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that Arias was last paid compensation on November 2, 2000

pursuant to an award.  Thus, a change-in-condition application for additional temporary total

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

disability benefits had to be filed by November 2, 2002. See Code § 65.2-708(A). Arias filed a change-in-condition application on October 24, 2002, alleging that his injured back was "unstable and subject to surgical correction" and that this "may entitle [him] to temporary and/or permanent partial disability payments." The application further alleged that Arias "will incur a temporary total disability wage loss following surgery, which has been postponed due to the carrier's delay in authorizing surgery." Several days after Arias filed his application, the physician sought authorization for the surgery. The employer promptly informed the physician that surgery was authorized; however, the employer declined to pay Arias disability benefits, contending they were "premature and speculative." A month after Arias filed his application, the commission advised him that no further action would be taken on his application for benefits "until receipt of specific dates of disability along with medical documentation." Arias had back surgery on December 11, 2002, and he submitted medical documentation and requested a hearing on January 22, 2003.

On this appeal, Arias does not challenge the commission's finding that although his October 24, 2002 application was timely filed, his application was speculative and premature in the absence of any surgery or disability. Arias also does not challenge the commission's finding that he suffered no additional total disability between November 2, 2000 and November 2, 2002.

### Tolling of Limitations Period

The commission ruled that Arias failed to prove the employer refused or denied any medical treatment, and, therefore, the commission reasoned that no basis existed upon which to conclude that an unjustified refusal of treatment would toll the statute of limitations period. In so ruling, the commission found as follows:

> There is no evidence that while the case was previously pending on review, the carrier denied or otherwise refused medical treatment. In addition, Dr. [Neil] Kahanovitz, the treating physician, indicated on January 15, 2002, that [Arias] was not a surgical candidate.

- 2 -

The record contains no evidence of any discussion of surgery until May 30, 2002. At that time, Dr. [James E.] Tozzi, who had just become the . . . treating physician, wanted additional studies. He did not have the benefit of these studies until June 26, 2002, at which time he noted his belief that [Arias] "is inclined to proceed once we have been given approval." He further noted that [Arias] would donate two to three units of his own blood for the surgery. There is no evidence in the record that the doctor or his office requested authorization from the carrier for surgery until October 30, 2002. The record establishes that the authorization was given within a matter of minutes.

(Footnote omitted.)

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The medical records of Drs. Kahanovitz and Tozzi and the testimony of the insurer's adjustor constitute credible evidence to support the commission's factual findings. Dr. Tozzi recommended surgery on June 26, 2002, well before the limitations period expired on November 2, 2002. Furthermore, no credible evidence in the record supports Arias's assertions that he could not file a change-in-condition application while the employer's appeal of the deputy commissioner's July 31, 2001 opinion was pending. See Lucas v. Research Analysis Corp., 215 Va. 336, 337, 210 S.E.2d 143, 144 (1974) (recognizing that no provision in the Act permits a tolling of the statute of limitations period during the pendency of an appeal of an award to the full commission). Likewise, no credible evidence supports Arias's claim that the surgery was unavailable until March 29, 2002, when employer's appeal was decided in Arias's favor. The record unequivocally establishes that Dr. Tozzi's recommendation for surgery did not even occur until almost three months after March 29, 2002, the date when the full commission decided employer's appeal in favor of Arias. Accordingly, the commission did not err in concluding that the limitations period contained in Code § 65.2-708(A) was not tolled during the pendency of employer's appeal of the deputy commissioner's July 31, 2001 decision to the full commission.

- 3 -

In his brief, Arias also argues that the commission erred in not applying the doctrine of estoppel to preclude employer from asserting the defense of the statute of limitations. Arias did not raise the issue of estoppel before the deputy commissioner and first raised an estoppel argument in his written statement filed with the commission on review. Consistent with its established Rules, the commission did not address that issue. Accordingly, we also cannot address Arias's estoppel argument for the first time on appeal because Arias did not properly raise this issue before the commission. See Hervey v. Newport News Shipbuilding and Dry Dock Co., 12 Va. App. 88, 91-92, 402 S.E.2d 688, 690 (1991) (citing Rule 5A:18).

Imposition

The commission noted that Arias requested the commission to apply the doctrine of imposition, asserting that the adjustor "promised during settlement negotiations that he would pay temporary total benefits after surgery." The commission ruled, however, that "imposition is not apparent from the facts of this case."

> The doctrine of imposition "empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown." The commission is empowered "to do full and complete justice."
>
> The doctrine prevents an employer's use of its superior knowledge of, or experience with, the Workers' Compensation Act or its use of economic advantage to cause an unjust deprivation to the employee of benefits provided by the Act. "[T]he doctrine applies where, . . . the record shows a series of acts by the employer . . . upon which a claimant naturally and reasonably relies to his or her detriment."

Strong v. Old Dominion Power Co., 35 Va. App. 119, 126-27, 543 S.E.2d 598, 601 (2001) (citations omitted).

In rendering its decision, the commission made the following factual findings:

> There is no evidence that [the insurer's adjustor] or anyone on behalf of the carrier attempted to get the claimant to delay surgery

- 4 -

or made any commitment to pay for temporary total benefits once the statute of limitations expired. [The adjustor] testified that while he was aware that a two-year limitations period existed he was not thinking about it during the negotiations. His evaluation of the case and indication that the insurance carrier would be responsible for only temporary total benefits after the surgery was based on the assumption it would take place within the statutory period.

Additionally, the commission found as follows:

The issue in the current case involves the statute of limitations which is clearly set forth in § 65.2-708. Throughout the case counsel has actively represented the claimant. There is no evidence that counsel was unaware of the statute of limitations. There is no evidence that the adjustor, who was not represented by counsel during the settlement negotiations, had any superior knowledge of the Act or used such knowledge unjustly to deprive the claimant of benefits.

The record supports these findings. The adjustor's uncontradicted testimony indicated that at no time did he refuse to authorize any medical treatment after being asked by Dr. Tozzi to provide the authorization. No evidence proved that he ever represented to Arias's attorney that the insurer would assume liability to pay temporary total disability benefits for any period outside of the statute of limitations. Thus, the commission rejected Arias's argument that he refrained from immediately pursuing surgery in late June 2002 in reliance upon a promise that employer would pay benefits for any period outside the statute of limitations if settlement negotiations were unsuccessful and Arias elected to undergo surgery. Credible evidence supports the finding that the employer did not deny or otherwise prevented Arias from going forward with the surgery during the settlement negotiations.

Credible evidence also supports the findings that the employer did not use superior knowledge and economic power to achieve the payment of less benefits than required by the Act and that the employer committed no acts upon which Arias naturally and reasonably relied to his detriment in failing to file a timely claim for additional temporary total disability benefits.

- 5 -

Therefore, we cannot find as a matter of law that Arias proved that the doctrine of imposition applied to prevent the employer from asserting the limitations period contained in Code § 65.2-708(A).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk