**Salem**

BRISTOL NEWSPAPERS, INC.

and

CONTINENTAL INSURANCE COMPANY

v.

ELIZABETH B. SHAFFER

No. 1990-92-3

Decided July 6, 1993

COUNSEL

Charles F. Midkiff (Steven H. Theisen; Midkiff & Hiner, P.C., on brief), for appellants.

David Batchelder (Gregory R. Herrell; Arrington, Schelin & Herrell, P.C., on brief), for appellee.

OPINION

**BRAY, J.**—Bristol Newspapers, Inc. (employer) and Continental Insurance Company (carrier) appeal a decision of the Workers' Compensation Commission[1] (commission) that the claim of Elizabeth B. Shaffer (claimant) was not barred by the applicable statute of limitations. Claimant argues that the commission properly resolved the issue and, further, that employer is estopped from asserting the defense because its conduct induced her "to refrain from filing." We disagree with the commission and reverse and remand the case for further consideration in accordance with this opinion.

---

[1] Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. Because the controlling title is an issue in this appeal, both titles are specifically referenced in the opinion.

■ On appellate review, the evidence must be construed in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal. *Rose v. Red's Hitch & Trailer Servs.*, 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990); *Commonwealth v. Powell*, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

Viewed in this perspective, the record discloses that claimant suffered a compensable injury on July 9, 1989, after which employer voluntarily paid compensation benefits. On September 29, 1989, employer filed its initial report of the accident[2] with the commission and, on October 5, 1989, the commission mailed claimant both a "blue letter" and a "workers' compensation guide." *See* Code § 65.2-602. Following the accident, claimant executed a "memorandum of agreement" with the carrier that mistakenly inflated claimant's "average weekly wage" and related compensation. When this error was discovered, the carrier adjusted the benefit accordingly and mailed claimant a "corrected memorandum"; however, it was never signed and returned by her or filed with the commission. During several subsequent conversations between claimant and Karen Jones, a representative of the carrier, the two discussed neither the amended memorandum nor the reduction in benefits.

Employer terminated payments to claimant on September 10, 1991, and she filed a claim with the commission on September 26, 1991. At the request of the parties, the deputy commissioner considered the application without testimony, "on the record" only, and concluded that the claim was "clearly time barred" because it had not been filed within two years of the accident as required by Code § 65.2-601. On review, however, the full commission reversed, noting that Code § 65.2-602 "clearly provide[s] that if the Employer's First Report of Accident is not filed within the statutory ten-day period . . ., the statute of limitations is tolled until the report is filed." Thus, since this claim was lodged with the commission on September 26, 1991, within two years of the employer's initial report of September 29, 1989, it was deemed timely.

---

2    Former Code § 65.1-124 (now Code § 65.2-900) provided that an employer must report "an injury to an employee" within ten days "after the occurrence and knowledge thereof."

Employer argues that the claim is governed by former Code § 65.1-87.1, the statute in effect at the time of claimant's injury, and the commission, therefore, erred in retroactively applying the more recent Code § 65.2-602.[3] *See Island Creek Coal Co. v. Breeding,* 6 Va. App. 1, 10, 365 S.E.2d 782, 787 (1988). Claimant counters that only procedural amendments that did "not effect vested rights" differentiated the statutes and that the commission properly applied the later statute. *See Cohen v. Fairfax Hosp. Ass'n,* 12 Va. App. 702, 705, 407 S.E.2d 329, 331 (1991). We find, however, that the similarities between Code § 65.2-602 and former Code § 65.1-87.1, not the distinctions, resolve this appeal.

■ Both statutes tolled the limitations period when the employer "received notice of an accident resulting in compensable injury" and "paid compensation or wages" to the injured employee, as occurred here, provided "such conduct" prejudiced "the rights of [the] employee with respect to the filing of a claim." Code § 65.2-602 (former Code § 65.1-87.1). Code § 65.2-602 added failure by the employer "to file the report of such accident with the [commission] as required by Code § 65.2-900," a circumstance also present here, as further conduct contemplated by the statute. Thus, notice, specified conduct and prejudice are the "three criteria" that must be established by a claimant seeking relief pursuant to either statute. *Hervey v. Newport News Shipbuilding & Dry Dock Co.,* 12 Va. App. 88, 92, 402 S.E.2d 688, 690 (1991). *See Maryland Casualty Co. v. Robinson,* 149 Va. 307, 310, 141 S.E. 225, 226 (1928); *Westmoreland Coal Co. v. Coffey,* 13 Va. App. 446, 448, 412 S.E.2d 209, 210-11 (1991).[4]

---

[3] Code § 65.2-602 provides in relevant part:

[I]n any case where an employer has received notice of an accident resulting in compensable injury to an employee . . . [and] has paid compensation or wages to such employee during incapacity for work . . . or . . . has failed to file the report of said accident with the [commission] as required by § 65.2-900, *and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim* prior to expiration of [the] statute of limitations . . . , such statute shall be tolled for the duration of such payment or . . . until the employer files the first report of accident. . . . (emphasis added).

Former Code § 65.1-87.1 provided in part:

[I]n any case where an employer has received notice of an accident resulting in compensable injury to an employee . . . [and] has paid compensation or wages to such employee during incapacity for work . . . *and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim* prior to expiration of [the] statute of limitations . . . , such statute shall be tolled for the duration of such payment. . . . (emphasis added).

[4] These cases construe Code § 65.1-85 (now Code § 65.2-600), which requires injured employees to furnish the employer with written notice of the accident. The statute provides that "no

■ We agree with employer that the commission incorrectly construed Code § 65.2-602 to toll the statute whenever "the Employer's First Report of Accident is not filed within the statutory ten-day period." Like former Code § 65.1-87.1, assuming notice is sufficiently proven, "prejudice" to the employee remains an indispensable component to tolling under Code § 65.2-602, which the commission apparently overlooked in this instance. *Hervey*, 12 Va. App. at 92-93, 402 S.E.2d at 691.

■ It is uncontroverted that the employer filed the first report of accident on September 29, 1989, and the commission made a factual finding that claimant thereafter received the "blue letter" and "employees' guide." *See* Code § 65.2-602 (former Code § 65.1-87.1). Each statute expressly provided that the "rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident . . . or he has received after the accident a workers' compensation guide." Code § 65.2-602 (former Code § 65.1-87.1). Thus, after September 29, 1989, there was "a *per se* absence of prejudice to the claimant" under either statute. *Hervey*, 12 Va. App. at 92, 402 S.E.2d at 691. However, proof that the employer was delinquent in reporting the accident to the commission does not itself establish the presence of the requisite prejudice from the date of the accident until September 29.

■ "While the provisions of the Virginia Act are to be liberally construed to see that its benefits are awarded to injured employees, that principle does not authorize the courts to amend, alter or extend its provisions, nor does it require that every claim asserted be allowed." *Bowden v. Newport News Shipbuilding & Dry Dock Co.*, 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991). Because the record does not reflect that the commission required claimant to establish that employer's conduct prejudiced her rights "with respect to the filing of a claim," Code § 65.2-602 (former Code § 65.1-87.1), we must remand the case for consideration of this circumstance upon the existing record and any additional relevant evidence deemed appropriate.[5] *See*

---

compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless . . . the Commission is satisfied that the employer has not been prejudiced thereby."

[5] If the commission finds that claimant was not prejudiced, the statute of limitations was not tolled and her rights expired on July 9, 1991. Should prejudice be proven, the claim was time barred after September 29, 1991, and Code § 65.2-602 was not effective until October 1, 1991, after her rights were extinguished. *Rose*, 11 Va. App. at 58-59, 396 S.E.2d at 394.

*Lucas v. Research Analysis Corp.*, 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969).

■ Contrary to claimant's argument, employer is not estopped from asserting the statute of limitations as a defense. It is well established that the voluntary payment of benefits by an employer does not, standing alone, toll the statute of limitations or estop the employer from availing itself of that defense. *Bowden*, 11 Va. App. at 686-87, 401 S.E.2d at 886; *Stuart Circle Hosp. v. Alderson*, 223 Va. 205, 209, 288 S.E.2d 445, 447 (1982); *Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442-43 (1982); *see also Cibula v. Allied Fibers & Plastics*, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), *aff'd*, 245 Va. 337, 428 S.E.2d 905 (1993). Similarly, failure by the employer to report the accident in accordance with Code § 65.2-900 neither tolls the statute nor precludes the defense. Such estoppel requires proof of "misconduct" by the employer or its insurer that "misled" claimant to her "detriment." *Hervey*, 12 Va. App. at 94-95, 402 S.E.2d at 692.

As noted by the deputy commissioner, this record reveals neither "fraud nor concealment" nor "any act" by the employer "which was reasonably calculated to induce or did in fact induce [claimant] to refrain from filing her claim . . . within two years from the date of her injury." *Stuart Circle Hosp.*, 223 Va. at 208, 288 S.E.2d at 446-47; *Clark*, 223 Va. at 200, 288 S.E.2d at 442; *Bowden*, 11 Va. App. at 686, 401 S.E.2d at 886. Thus, the commission properly entertained the defense, erring only in its disposition.

Accordingly, the decision of the commission is reversed.

*Reversed and remanded.*

Coleman, J., and Koontz, J.,* concurred.

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.