COMMONWEALTH MEDICAL INSTITUTE, et al.

v.

STOP-HEADSTART PROGRAM, et al.

Nos. 0002-94-1 and 0142-94-1

Decided June 8, 1994

COUNSEL

Sidney H. Kelsey, Jr., on brief, for appellant.

William E. Baggs, on briefs, for appellee.

OPINION

**BARROW, J.**—In this appeal, the employer contends the commission erred in holding that the statute of limitations had not run on the employee's claim. We hold that the employee's receipt of a workers' compensation guide did not affect the tolling of the statute of limitations which occurred before the employee received the guide.

Where (1) "an employer has received notice of an accident resulting in compensable injury to an employee," (2) "has paid compensation or wages to such employee during incapacity for work," and (3) "such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations," the statute of limitations under the Workers' Compensation Act is tolled for the "duration of such payment." Code § 65.2-602; *Bristol Newspapers, Inc. v. Shaffer*, 16 Va. App. 703, 706, 432 S.E.2d 23, 25 (1993). The employee's rights "shall be deemed not prejudiced" if "he has received after the accident a workers' compensation guide." Code § 65.2-602.

The injury in this case occurred on February 1, 1990. The employer received notice of the accident and, although it did not file

a first report of accident, paid compensation to the employee through April 23, 1990. The employee did not file a claim with the commission until April 17, 1992. The commission found that the employer's payment of compensation prejudiced the employee's rights until she received a workers' compensation guide on May 10, 1991.

■ The employee's receipt of the guide did not retrospectively eliminate the tolling of the statute of limitations which had already occurred. Tolling of the statute is initiated by the concurrence of three events: "notice, specified conduct and prejudice." *Bristol Newspapers, Inc.*, 16 Va. App. at 707, 432 S.E.2d at 25; *see also* Code § 65.2-602. Until the employee received the guide, these three events concurred, and tolling was initiated. The receipt of the guide only eliminated the prejudice to the employee thereafter.

■ The tolling of the statute of limitations is, however, affected by another factor. The statute is only tolled for the "duration" of the payment of compensation by the employer. Code § 65.2-602; *Bristol Newspapers, Inc.*, 16 Va. App. at 707, 432 S.E.2d at 25. The employer paid compensation through April 23, 1990, and the statute of limitations was tolled only until then, as opposed to May 10, 1991, as the commission held. *See id.*

This further limitation does not affect the award in this case. The employee filed her claim within two years of the last date for which compensation was paid and within the period of limitation imposed by the statute. *See* Code § 65.2-601. Therefore, in spite of the commission's miscalculation of the period during which the statute of limitations was tolled, the commission correctly concluded that the employee's claim was not barred by the statute of limitations.

■ Finally, the remaining issues are without merit. Credible evidence supports the commission's determination that certain specified medical treatment was justified and that certain other treatment was not. This determination by the commission, resolving questions of fact, is conclusive and binding. Code § 65.2-706. We may not disturb it. *Jules Hairstylists, Inc. v. Galanes*, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985).

For these reasons, the award of the commission is affirmed.

*Affirmed.*

Koontz, J., and Bray, J., concurred.