COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

ROANOKE COUNTY
AND
CONSOLIDATED RISK MANAGEMENT SERVICE, INC.

MEMORANDUM OPINION[*]

v.    Record No. 0781-95-3          PER CURIAM
                                    JANUARY 11, 1996
MASON WALTER FERRIS

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Gregory P. Cochran; Caskie & Frost, on brief), for
            appellants.

            (Gary L. Lumsden; Rhonda L. Overstreet, on brief), for
            appellee.


        Roanoke County and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that the applicable two-year statute

of limitations contained in Code § 65.2-601 did not bar the

commission from awarding compensation to Mason Walter Ferris.

Specifically, employer contends that (1) because it filed a

"Report of Minor Injuries," claimant was not prejudiced by its

failure to file the Employer's First Report of Accident; and (2)

even without considering the Report of Minor Injuries, claimant

was not prejudiced by employer's failure to file the Employer's

First Report of Accident.  Upon reviewing the record and the

briefs of the parties we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decision.  Rule 5A:27.

## I.  Report of Minor Injuries

Any theory of recovery or argument not raised before the commission will not be considered by this Court for the first time on appeal.  Rule 5A:18.  See also Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987). Employer did not raise the issue of how its filing of the Report of Minor Injuries impacted upon the prejudice suffered by claimant.  Accordingly, we will not consider this argument on appeal.

## II.  Prejudice to Claimant Caused by Employer's Failure to Timely File the Employer's First Report of Accident

On appeal, we review the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The parties stipulated that claimant sustained a compensable injury by accident on January 24, 1992 resulting in left leg and knee injuries.  On the date of the accident, claimant sought medical treatment from Dr. Curtis S. Mull, who diagnosed a torn medial meniscus related to his January 24, 1992 injury by accident.  On April 6, 1992, Dr. Mull noted that claimant's knee was doing well, but that he might need surgery in the future. Dr. Mull discharged claimant from his care on that date and he returned to his pre-injury work.  Between April 7, 1992 and April 27, 1994, claimant did not seek medical treatment for his left

2

knee, except to obtain a new knee brace.  On April 27, 1994, claimant returned to Dr. Mull complaining that his knee was locking.  Dr. Mull recommended that claimant undergo an arthroscopy and a partial meniscectomy on his left knee.  Dr. Mull related this surgery to the January 24, 1992 injury by accident.

Claimant filed a claim for benefits on July 20, 1994, more than two years after the January 24, 1992 injury by accident.  On August 10, 1994, employer filed the Employer's First Report of Accident.  Claimant testified that he never received the notice set forth in Code § 65.2-602.

Pursuant to Code § 65.2-602, the two-year statute of limitations is tolled where employer received notice of the accident, employer failed to file an Employer's First Report of Accident, and employer's conduct prejudiced the employee's right with respect to filing a timely claim.  Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706-07, 432 S.E.2d 23, 25 (1993).[1]

Here, employer did not dispute that it received notice of claimant's accident when it occurred, and that it did not file an

_____

[1]This case is distinguishable from Bristol Newspapers.  In Bristol Newspapers, unlike this case, employer filed the Employer's First Report of Accident three months after the employee's industrial accident and the employee received the "blue letter" and "employee's guide" from the commission.  16 Va. App. at 707, 432 S.E.2d at 25.  Moreover, Hervey v. Newport News Shipbuilding & Drydock Co., 12 Va. App. 88, 402 S.E.2d 688 (1991), cited by employer, was decided under former Code § 65.1-87.1, before the General Assembly added the provisions pertaining to the failure to file an Employer's First Report of Accident to present Code § 65.2-602.

Employer's First Report of Accident until August 10, 1994, after the expiration of the two-year statute of limitations.  Employer presented no evidence to show that claimant received notice from the commission concerning his right to file a claim prior to the expiration of the limitations period.  Therefore, under these facts, the commission did not err in finding that employer's conduct prejudiced claimant from filing a timely claim.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>