COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


JOYCE ANN KILE

v.   Record No. 2216-96-4                    MEMORANDUM OPINION*
                                                PER CURIAM
PRINCE WILLIAM COUNTY                        FEBRUARY 25, 1997
 SCHOOL BOARD

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (James D. Alvey; Alvey & Alvey, on briefs),
               for appellant.

               (Thomas C. Palmer, Jr.; Brault, Palmer,
               Grove, Zimmerman, White & Mims, on brief),
               for appellee.


     Joyce Ann Kile contends that the Workers' Compensation

Commission (commission) erred in finding that (1) the two-year

statute of limitations contained in Code § 65.2-601 expired

before Kile filed her May 17, 1995 application seeking an award

of temporary total disability benefits; and (2) the provisions of

Code § 65.2-602 did not apply to toll the two-year limitations

period.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     Code § 65.2-601 provides that "[t]he right to compensation

under this title shall be forever barred, unless a claim be filed

with the Commission within two years after the accident."

     On May 26, 1994, Kile filed an application seeking an award

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of medical benefits and temporary total disability benefits commencing December 9, 1994 for an injury by accident arising out of and in the course of her employment on June 23, 1992. Employer filed an Employer's First Report of Accident on September 14, 1994. The commission conducted a hearing on Kile's application and, as a result, awarded medical benefits only on December 29, 1994.

On May 17, 1995, Kile filed a change-in-condition application, seeking temporary total disability benefits beginning March 3, 1995 and continuing. The commission held that this application was time-barred. In so ruling, the commission found that the two-year statute of limitations contained in Code § 65.2-601 governed the timeliness of Kile's May 17, 1995 application for temporary total disability benefits, rather than the provisions of Code § 65.2-708, because the commission had not entered a prior award of compensation benefits, a prerequisite for a change-in-condition application. Kile does not contest this ruling on appeal. Therefore, this ruling is binding and conclusive upon us.

In applying the statute of limitations contained in Code § 65.2-601, the commission ruled that Kile's May 17, 1995 application was time-barred because it was filed more than two years after June 23, 1992, the date of Kile's industrial accident. The facts in the record support this finding.

Moreover, the commission did not err in ruling that the

tolling provisions contained in Code § 65.2-602 did not apply. Code § 65.2-602 provides that the two-year statute of limitations is tolled where the employer receives notice of the accident, the employer fails to file an Employer's First Report of Accident, and the employer's conduct prejudices the employee's right with respect to filing a timely claim. Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706-07, 432 S.E.2d 23, 25 (1993).

Kile filed a claim for compensation benefits on May 26, 1994, before the two-year limitations period expired and before employer filed its First Report of Accident. Under these circumstances, employer's conduct could not have operated to prejudice Kile's right with respect to the filing of a claim prior to the expiration of the applicable limitations period. Thus, the commission did not err in refusing to apply the tolling provisions contained in Code § 65.2-602.

The commission also found that, even assuming Kile filed a timely claim for wage loss, her claim must fail because she did not present evidence that she was entitled to compensation for incapacity within twenty-four months of her industrial accident. This finding is also supported by the record. The first indication in the medical records of total disability did not occur until March 3, 1995 when Dr. A. Janati excused Kile from work, more than two years after the industrial accident. Up until March 3, 1995, Kile was on a light-duty status. In fact, she worked for employer in a modified position until that date.

3

Under these facts, Kile failed to prove she sustained wage loss within two years from the date of her accident.  In <u>Mayberry v. Alcoa Bldg. Prods.</u>, 18 Va. App. 18, 20-21, 441 S.E.2d 349, 350 (1994), we held that where an employee files a claim within two years from the date of the accident, but establishes entitlement only to a medical award, subsequent disability must occur within two years from the date of the accident to be compensable.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>