COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


FAIRFAX HOSPITAL AND INOVA HEALTH
 SYSTEM FOUNDATION, INC.
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1012-99-4           JUDGE JAMES W. BENTON, JR.
                                          JANUARY 27, 2000
CANDY K. POST


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Eric J. Berghold (McCandlish & Lillard, P.C.,
          on brief), for appellants.

          Craig A. Brown (Ashcraft & Gerel, on brief),
          for appellee.


     Fairfax Hospital appeals from the commission's award of

benefits to Candy K. Post for various periods of temporary total

and temporary partial disability.  The Hospital raises sixteen

issues which assert that the commission erred in ruling (1) that

Post's claim is not barred by the statute of limitations, (2) that

the Hospital did not timely file the first report of accident, (3)

that the Hospital paid compensation payments to Post prior to

1994, and (4) that Post's disability and treatment are causally

related to her injury by accident.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

The parties stipulated that on June 18, 1993, Post sustained an injury by accident to her back arising out of and in the course of her employment. The Hospital also stipulated that Post was disabled for the various periods she claimed through March 4, 1996; that the Hospital received notice of the accident on the day of the accident; that the Hospital paid compensation benefits to Post through September 10, 1994; that the Hospital filed the first report of accident on June 30, 1994; that the commission mailed the compensation guide to Post on July 13, 1994; and that Post filed her claim for benefits in August 1995.

At the evidentiary hearing, Post testified that she received "compensation checks" from the Hospital when she missed time from work or suffered income loss after the accident. Post also testified that she did not file a claim because "[she] was getting paid . . . [and because she] was seeing [her] physician all the time and [the Hospital was] paying [her] the whole time [she] was injured." She testified that whenever she incurred medical expenses or lost time from work her supervisor told her "to file the workers' comp," which she understood to mean that she was required to complete and return the various paperwork to the insurance company. Post testified that this "was just a procedure, like when [she] first went into the emergency room, the paperwork and everything [she] had to do." When Post submitted the paperwork as instructed, the Hospital paid her medical bills

-

and sent her checks to compensate her for lost wages.  In August
of 1995, however, the Hospital sent to Post the bill for her
recent medical treatment and informed her that the Hospital would
not pay it because the statute of limitations had expired.  She
then filed with the commission a claim for benefits.

The commission ruled that the two year statute of limitations
for filing claims, see Code § 65.2-601, was tolled pursuant to
Code § 65.2-602.  The Hospital appeals from the award of benefits
to Post.

## II.

In pertinent part Code § 65.2-602 provides as follows:

> In any case where an employer has received
> notice of an accident resulting in
> compensable injury to an employee . . . ,
> and whether or not an award has been
> entered, such employer nevertheless has paid
> compensation or wages to such employee
> during incapacity for work . . . or the
> employer has failed to file the report of
> said accident with the . . . Commission as
> required by [Code] § 65.2-900, and such
> conduct of the employer has operated to
> prejudice the rights of such employee with
> respect to the filing of a claim prior to
> expiration of a statute of limitations
> otherwise applicable, such statute shall be
> tolled for the duration of such payment or,
> as the case may be, until the employer files
> the first report of accident . . . or [the
> employee] has received after the accident a
> workers' compensation guide . . . .

"Thus, notice, specified conduct and prejudice are the 'three
criteria' that must be established by [an employee] seeking

-

relief pursuant to . . . [the] statute." Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706, 432 S.E.2d 23, 25 (1993).

"It is well settled that where the findings of fact of the Commission are based on credible evidence, they are binding and conclusive upon this Court." Board of Supervisors v. Taylor, 1 Va. App. 425, 430-31, 339 S.E.2d 565, 568 (1986). Furthermore, if the record contains evidence or reasonable inferences that can be drawn from the evidence to support the commission's findings, we will not disturb those findings even though the record may contain evidence to support contrary findings. See id. Noting our holding in Shaffer, the commission found that the evidence proved "a convergence of notice, specific conduct, and prejudice" sufficient to toll the statute.

The Hospital first contends that it was not required to file a report prior to June 1994. The record contains credible evidence, however, to support the commission's finding that Post "missed 40 days of work as a result of the . . . accident . . . and suffered compensable wage loss for a period of eight consecutive weeks following the injury." Although the Hospital received notice of the accident on June 18, 1993, the Hospital did not file the first report of accident until June 30, 1994. In view of the stipulations of the parties and Post's testimony, the commission had a sufficient basis to find that the Hospital's first report of accident was not timely. See Code

-

§ 65.2-900; 16 VAC 30-90-30(A) (requiring the first report to be filed within 10 days of the injury).

The Hospital also contends the evidence failed to prove that Post suffered prejudice. We disagree. The commission relied upon Post's testimony that she did not file her claim earlier because she had completed and sent the paperwork to the Hospital that her supervisors told her was necessary "to file the workers' comp." The evidence proved the Hospital paid either wage loss benefits or wages in lieu of compensation in 1993 and in 1994 for time Post was unable to work. When the Hospital paid her compensation benefits and medical expenses, Post could have reasonably concluded that she was receiving those payments because she sent the Hospital the necessary "paperwork."

Post testified and the commission found from Post's testimony that she received ongoing wage loss benefits after the accident. According to well established principles, "[w]e do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence or the credibility of witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). Indeed, the parties stipulated that the Hospital paid compensation to Post as late as September 10, 1994. The record, thus, supports the commission's finding that the circumstances proved that Post was prejudiced and that the statute was tolled until the Hospital filed its first report of

-

accident.  Furthermore, as we ruled in Commonwealth Medical Institute v. Stop-Headstart Program, 18 Va. App. 461, 453 S.E.2d 566 (1994), Post's "receipt of the guide did not retrospectively eliminate the tolling of the statute of limitations which had already occurred."  Id. at 463, 453 S.E.2d at 566.

### III.

On appeal, we must consider the evidence in the light most favorable to the party prevailing below.  See Crisp v. Brown's Tysons Corner Dodge, 1 Va. App. 503, 339 S.E.2d 916 (1986). Post testified that her back injury has been symptomatic since June of 1993.  She also testified that "every time I go to the doctor it's pretty much the same thing and it's a reoccurrence . . . it was the same injury, it felt the same."  Her testimony is consistent with her medical records, which clearly reveal that Post continued to complain of low back pain.  In addition, Post's treating physician, Dr. Mark Theiss, reported that Post's disability through March of 1996 was caused at least in part by her injury by accident and that her ruptured discs at L4-5 and L5-S1 were completely caused by the accident.  Thus, the evidence proved a continuing compensable causal relationship between her disabilities and the accident.  "[F]ull benefits will be allowed when it is shown that 'the employment is a contributing factor to the disability.'"  Smith v. Fieldcrest Mills, Inc., 224 Va. 24, 28-29, 294 S.E.2d 805, 808 (1982) (citation omitted).

-

Accordingly, we affirm the commission's award.

<u>Affirmed</u>.