COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Alston
Argued at Alexandria, Virginia


FALLS CHURCH CABINETRY AND
   FIRSTLINE NATIONAL INSURANCE COMPANY
                                                            OPINION BY
v.        Record No. 1628-11-4                  JUDGE ROSSIE D. ALSTON, JR.
                                                            MAY 1, 2012
THOMAS A. JEWELL


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Dov M. Szego (William B. Pierce, Jr.; William B. Pierce &
            Associates, PLLC, on brief), for appellants.

            No brief or argument for appellee.


        Falls Church Cabinetry and its insurer, Firstline National Insurance Company,

(collectively, "employer") appeal an award of benefits to Thomas A. Jewell ("claimant") by the

Virginia Workers' Compensation Commission ("the commission").  On appeal, employer asserts

three assignments of error.  First, employer challenges the sufficiency of the evidence to support

the commission's decision.  Second, employer alleges the commission erred in finding that

claimant's claim for benefits was not barred by the statute of limitations.  Third, employer argues

that the commission erred in finding that claimant was prejudiced by employer's late-filed

accident report.  Finding no error, we affirm.

                                    I.  BACKGROUND

        "By well established principles, we view the evidence in the record in the light most

favorable to the party prevailing before the commission," in this case, claimant.  Boys and Girls

Club of Virginia v. Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).

So viewed, the evidence indicated that claimant injured his wrist in a work accident on January 19, 2007.[1] Claimant filed a claim for compensation with employer's insurer at the time, Travelers Insurance. Travelers Insurance voluntarily paid claimant's medical bills. On March 2, 2007, the commission sent claimant a letter regarding his wrist injury stating in part, "Your accident on JAN-19-2007 has been reported to us. Please read the important information printed on the back of this form and in the enclosed pamphlet. Note that any additional information requested below will be provided to your carrier/employer." The letter listed the employer as "Premier Development LLC" and the carrier as "Travelers Indemn [sic] Co." Neither the back of the form nor the pamphlet referenced in the letter was included in the record upon review.

On May 22, 2007, claimant injured his left thumb while at work.[2] Claimant subsequently received treatment for his thumb injury in an emergency room. Claimant gave employer timely notice of his injury.

On May 19, 2008, the commission sent claimant a second letter regarding his January 19, 2007 wrist injury. The letter specifically listed the date of accident as January 19, 2007, and referenced a VWC file number associated with the January 19, 2007 injury. The letter stated:

> This letter is a reminder regarding your rights under the Virginia Workers' Compensation Act. Your file indicates that you have made no written claim for medical or wage loss benefits for the Incident listed above, and that no Agreement to Pay Benefits (VWC Form no. 4) has been filed. The Act requires that all claims for benefits be filed with the Commission within (2) years of the date of the accident.
>
> An Agreement to Pay Benefits (VWC Form no. 4) confirms your entitlement to compensation benefits and forms the basis for a Commission Award. The Award protects your current and future

---

[1] The compensability of this injury is not before us in this appeal.

[2] This injury is before us in the instant appeal. Employer conceded before the deputy commissioner that this injury would be compensable if not barred by the statute of limitations.

rights to receive medical and wage loss benefits under the Virginia Workers' Compensation Act. The fact that you may have been paid benefits without an award does not protect your legal rights.

If you wish to receive an Information Guide to Workers' Compensation Benefits in Virginia and a Claim for Benefits form, you may call toll free (877) 664-2566.

On August 19, 2009, claimant filed an application for hearing with the commission regarding his May 2007 thumb injury. Subsequently, on October 9, 2009, employer filed an accident report regarding the May 2007 thumb injury.

In a hearing before the deputy commissioner, claimant testified that he did not recall receiving any paperwork relating to his January 2007 wrist injury, although he acknowledged that he lived at the address to which the two letters from the commission were sent during the relevant time periods. Specifically, claimant did not deny receiving the letters and stated that it was possible he received them but did not recall.

According to claimant, after his May 2007 thumb injury, claimant contacted Travelers Insurance and was told that he had to "get done with [his wrist injury] first." Claimant testified that he continued to fax and call Travelers Insurance about his thumb injury and received no response. Claimant also contacted employer to ask for assistance in receiving compensation from Travelers Insurance, but a secretary employed by employer told claimant she could not "get anywhere" with Travelers Insurance. There was no evidence to suggest that claimant was aware that at the time of his May 2007 injury, Travelers Insurance no longer insured employer.

Claimant also testified that he did not file a claim for benefits for his May 2007 thumb injury until August 2009 because he did not begin receiving letters from bill collectors for that injury until approximately that time frame. Claimant initially believed that, in order to receive compensation, he would have to hire an attorney and sue employer. Claimant testified that upon

- 3 -

receipt of letters from bill collectors, he called his brother, an attorney, who advised him to call the commission.

The deputy commissioner held that, although claimant's claim was filed more than two years after the date of injury, the statute of limitations was tolled under Code § 65.2-602. The deputy commissioner found that claimant's receipt of the two letters regarding his January 2007 wrist injury did not preclude a finding that claimant was prejudiced by employer's failure to timely file an accident report. The deputy commissioner also found that claimant was unaware of the two-year statute of limitations and filed his claim in August 2009 because he received outstanding bill notices and notices of legal action related to non-payment of bills.

Employer appealed to the commission. Upon review, the commission affirmed the deputy commissioner's opinion. The commission found that employer failed to file an employer's accident report pursuant to Code § 65.2-900 and claimant was unaware of the statute of limitations. The commission further found that claimant "did not receive a guide from the commission until after he filed a claim." Relying upon Jones v. Gwaltney of Smithfield, Ltd., 53 Va. App. 760, 763, 675 S.E.2d 220, 221-22 (2009), the commission noted that "a previous work accident and claim does not preclude a finding of prejudice in the claim before the Commission." The commission found that claimant was "not aware of the Commission's existence" until he spoke with his brother. As a result, the commission held that Code § 65.2-602 tolled the statute of limitations.

This appeal followed.

## II. ANALYSIS

Because all three of employer's assignments of error allege that the commission erred in its determination that the tolling provision of Code § 65.2-602 applies in the instant case, we address all three arguments together.

"Under the statutory scheme, a claimant's notification to an employer of an accident, Code § 65.2-600, triggers the filing of the Employer's [accident report] under Code § 65.2-900." Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 838, 589 S.E.2d 484, 486 (2003). This in turn causes the commission to mail a notification letter, or blue letter,[3] and compensation guide to the employee as required by Code § 65.2-201(D). See id. at 839, 589 S.E.2d at 486. While Code § 65.2-601 requires that a claimant file a claim for benefits within two years from the date of his or her injury, the tolling statute, Code § 65.2-602, provides, in pertinent part:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by [Code] § 65.2-600, and . . . the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by [Code] § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled . . . until the employer files the first report of accident required by [Code] § 65.2-900. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by [Code] § 65.2-900 or he has received after the accident a workers' compensation guide described in [Code] § 65.2-201 or a notice in substantially the following form:
>
> NOTICE TO EMPLOYEE.
>
> BECAUSE OF THE ACCIDENT OR INJURY YOU HAVE REPORTED, YOU MAY HAVE A WORKERS'

---

[3] "The 'blue letter' is a standard notification letter sent by the commission that explains an employee's obligation to file a claim within two years from the date of injury." Jones, 53 Va. App. at 764 n.3, 675 S.E.2d at 222 n.3.

COMPENSATION CLAIM. HOWEVER, SUCH CLAIM MAY BE LOST IF YOU DO NOT FILE IT WITH THE VIRGINIA WORKERS' COMPENSATION COMMISSION WITHIN THE TIME LIMIT PROVIDED BY LAW. YOU MAY FIND OUT WHAT TIME LIMIT APPLIES TO YOUR INJURY BY CONTACTING THE COMMISSION. THE FACT THAT YOUR EMPLOYER MAY BE COVERING YOUR MEDICAL EXPENSES OR CONTINUING TO PAY YOUR SALARY OR WAGES DOES NOT STOP THE TIME FROM RUNNING. . . .

Under Code § 65.2-602, to toll the statute of limitations, a claimant must prove:

(1) the employer received a notice of the accident as required by Code § 65.2-600; (2) the employer failed to timely file the report of an accident as required by Code § 65.2-900; and (3) the employer's failure to timely file the report of an accident prejudiced claimant's rights with "respect to [the] filing [of] a claim prior to . . . expiration of [a] statute of limitations."

Hall, 41 Va. App. at 839, 589 S.E.2d at 486 (quoting Code § 65.2-602). "Without proof of prejudice, the commission cannot toll the two-year statute of limitations." Id. (citing Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706, 432 S.E.2d 23, 25 (1993)). Employer in the instant case does not contest the first or second prong of these statutory requirements. Thus, the only question before us is whether the commission erred in holding that claimant established prejudice.

Employer argues that the commission erred in finding that claimant was prejudiced for two reasons. First, employer alleges that claimant's receipt of the May 19, 2008 blue letter regarding his January 2007 wrist injury rendered him not prejudiced as a matter of law under Code § 65.2-602 regarding the statute of limitations for his May 2007 thumb injury. Second, employer asserts that the commission's finding that claimant was prejudiced was not supported by credible evidence.

As stated above, Code § 65.2-602 provides, in part, "[f]or purposes of this section, such rights of an employee shall be deemed not prejudiced if . . . he has received after the accident a

workers' compensation guide described in [Code] § 65.2-201 or a notice in substantially the following form . . . ." Here, the uncontroverted evidence is that the commission sent claimant a blue letter *regarding his January 2007 wrist injury* on May 19, 2008, approximately one year after his May 2007 thumb injury. This May 19, 2008 letter regarding the wrist injury stated that the Workers' Compensation Act "requires that all claims for benefits be filed with the Commission within (2) years of the date of the accident." Employer argues that because claimant received this letter after his May 2007 thumb injury,[4] this letter served to establish a *per se* lack of prejudice under Code § 65.2-602.

The question of whether a blue letter or workers' compensation guide received for one injury is sufficient to trigger this *per se* lack of prejudice for a *different* injury is one of first impression in this Court.[5] This Court has held that "[a]ccording to the plain language of the

---

[4] Despite claimant's testimony before the deputy commissioner that he did not recall receiving the blue letter, the commission implicitly found that claimant did receive the letter. Because this finding is supported by credible evidence, we are bound by it on appeal.

[5] The concurrence argues that it is not necessary to reach this issue because the instant case can be resolved on the grounds that claimant proved prejudice until May 19, 2008, when he received the letter regarding his wrist injury. According to the concurrence, claimant's filing of a claim on August 19, 2009, was therefore timely because claimant's claim was filed within two years of May 19, 2008, the last day on which claimant could prove prejudice.

Through this analysis, the concurrence would reach the same ultimate conclusion in the instant case as we do, holding that claimant's claim was not time-barred. Respectfully, however, we cannot agree with this analysis. Code § 65.2-602 does not state that the time during which a claimant is prejudiced shall not be computed as any part of the period within which the action must be brought, should a claimant's prejudice cease before the running of the statute of limitations. Cf. Code § 8.01-229(A) (stating that the time during which one is an infant, incapacitated, or incarcerated shall not be counted as any part of the period within which the action must be brought). Moreover, in the case upon which the concurrence relies, Commonwealth Med. Inst. v. Stop-Headstart Program, 18 Va. App. 461, 463, 453 S.E.2d 566, 567 (1994), this Court ultimately reached its conclusion on the grounds that "the employee filed her claim within two years of the last date for which compensation was paid" and therefore within the statute of limitations. Thus, Commonwealth Med. Inst. involved the interpretation of a provision of Code § 65.2-602 regarding tolling of the statute of limitations for the "duration" of the payment of compensation by the employer, a provision not at issue in the case at bar.

statute, if the employer did not file [an accident report], yet the claimant received a guide from the commission, then the claimant would not be prejudiced." <u>Hall</u>, 41 Va. App. at 842, 589 S.E.2d at 488. The Court reversed the commission's decision in <u>Hall</u> that *per se* prejudice exists if the employer does not file an accident report within two years after a notice of an accident. However, the <u>Hall</u> Court did not specifically address the question at issue in the instant case. The claimant in <u>Hall</u> received a blue letter for a different injury *before* the injury at issue in that case occurred. <u>Id.</u> at 837, 589 S.E.2d at 485. To trigger the statutory *per se absence* of prejudice, the Code requires that the blue letter be received *after* the injury at issue occurred. Code § 65.2-602. Because the facts of <u>Hall</u> differ in this manner from the facts in the instant case, <u>Hall</u> left open the distinct issue before us in the case at bar.

This issue of statutory interpretation is "a pure question of law which we review de novo." <u>Ford Motor Co. v. Gordon</u>, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

<u>Id.</u> (quoting <u>Conyers v. Martial Arts World of Richmond, Inc.</u>, 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

> "The purpose of the [Workers' Compensation] Act is to protect employees." <u>Turf Care, Inc. v. Henson</u>, 51 Va. App. 318, 336, 657 S.E.2d 787, 795 (2008) (citing <u>Ellis v. Commonwealth Dep't of Highways</u>, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944)). "Thus, it is to be 'construed liberally and favorably as to' employees." <u>Id.</u> (quoting <u>Ellis</u>, 182 Va. at 303, 28 S.E.2d at 734); <u>see also</u> <u>Hospice Choice, Inc. v. O'Quin</u>, 42 Va. App. 598, 603, 593 S.E.2d 554, 556 (2004) ("[W]e are guided by the general principle that the Workers' Compensation Act is to be construed liberally in favor of the employee." (citing <u>Creative Dimensions Group v. Hill</u>, 16

Va. App. 439, 442, 430 S.E.2d 718, 720 (1993))); 7-Eleven, Inc. v. Dep't of Envtl. Quality, 42 Va. App. 65, 75, 590 S.E.2d 84, 89 (2003) (*en banc*) ("'Further, it is a universal rule that statutes . . . which are remedial in nature, are to be construed liberally, so as to suppress the mischief and advance the remedy, as the legislature intended.'" (quoting Bd. of Sup. v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897-98 (1989))).

Prince William Cnty. Sch. Bd. v. Rahim, 58 Va. App. 493, 501, 711 S.E.2d 241, 245 (2011) (*en banc*) (alterations in original).

Turning to the plain language of Code § 65.2-602, we hold that a blue letter or workers' compensation guide sent for one injury does not trigger the statutory *per se* lack of prejudice for a second injury, even if it is received after the incident that caused the second injury. Code § 65.2-602 provides form language with which a blue letter must substantially comply in order to trigger the statutory absence of prejudice. This form language reveals that the section of Code § 65.2-602 creating a *per se* absence of prejudice is intended to apply only to those cases where a blue letter or workers' compensation guide *for the specific injury at issue* is sent. The form language states:

> BECAUSE OF *THE* ACCIDENT OR INJURY YOU HAVE REPORTED, YOU MAY HAVE A WORKERS' COMPENSATION CLAIM. HOWEVER, *SUCH CLAIM* MAY BE LOST IF YOU DO NOT FILE IT WITH THE VIRGINIA WORKERS' COMPENSATION COMMISSION WITHIN THE TIME LIMIT PROVIDED BY LAW. YOU MAY FIND OUT WHAT TIME LIMIT APPLIES TO YOUR INJURY BY CONTACTING THE COMMISSION. . . .

Code § 65.2-602 (emphasis added). The form language focuses on providing notice for a specific injury. Use of the definite article "the" to describe "*the* accident or injury," as well as the words "*such* claim" referring back to the specific injury already referenced, suggests that the injury for which the notice must be sent is a particular one, rather than simply permitting notice for one injury to apply to any other injury. Had the legislature intended notice for one injury to

- 9 -

be sufficient for any other injury, it would have used the indefinite article "*an,*" referring to an accident or injury in the form language.

Based on the plain language of the statute and our duty to liberally construe the Act to protect employees, we therefore hold that Code § 65.2-602's absence of prejudice as a matter of law is triggered only when a claimant receives a workers' compensation guide or blue letter relating to the specific injury at issue after that injury occurs. To trigger a *per se* absence of prejudice, each injury requires its own timely blue letter.[6] Where, as here, a claimant receives a blue letter for a *different* injury, even after the injury at issue occurs, it is not enough to trigger the *per se* absence of prejudice under Code § 65.2-602.[7] Thus, employer's argument that the May 19, 2008 blue letter regarding claimant's January 2007 wrist injury resulted in a *per se* absence of prejudice for claimant's May 2007 thumb injury fails.[8]

---

[6] We do not hold the converse is true. That is, the absence of a blue letter for a specific injury does not prove *per se* prejudice. Rather, Code § 65.2-602 requires that "a claimant must prove prejudice for the tolling provisions to apply." Hall, 41 Va. App. at 842, 589 S.E.2d at 488.

[7] The concurrence argues that this holding contravenes longstanding commission precedent, citing Adkins v. Nabisco Biscuit, VWC No. 161-79-17 (July 16, 1996), aff'd, No. 1803-96-2, 1997 Va. App. LEXIS 513 (July 29, 1997). However, "[t]his Court is not bound by the legal determinations made by the commission," Atlas Plumbing & Mech., Inc. v. Lang, 38 Va. App. 509, 513, 566 S.E.2d 871, 873 (2002), and where "the sole issue presented 'involves a pure question of statutory interpretation, [the] issue does not invoke the [commission's] specialized competence but is a question of law to be decided by [this Court],'" Gordon v. Ford Motor Co., 55 Va. App. 363, 370 n.5, 685 S.E.2d 880, 883 n.5 (2009) (*en banc*) (quoting Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 505 (2008) (internal quotations omitted)). In addition, we note that the commission in Adkins had sent the claimant a blue letter related to the injury at issue after the injury occurred, although the claimant denied receiving that letter. Adkins, 1997 Va. App. LEXIS at *3-4.

[8] Employer and the concurrence allege that such a result creates an anomalous situation whereby claimant would necessarily lack prejudice under Code § 65.2-602 for a claim based on his January 2007 wrist injury because of the May 2008 blue letter, but would not necessarily lack prejudice under Code § 65.2-602 for a claim based on his May 2007 thumb injury.
We find nothing abnormal in this result. It is entirely possible that the legislature intended to protect legally-unsophisticated claimants, who could be aware of the statute of

Employer also argues that no credible evidence supports the commission's finding that claimant was prejudiced with respect to filing a claim prior to the expiration of the statute of limitations as a result of employer's failure to timely file the report of accident. "The common thread in our cases that address prejudice is whether the claimant was aware of his duty to file a claim in the absence of material from the commission advising of the necessity to file a timely claim." Jones, 53 Va. App. at 764, 675 S.E.2d at 222. That is, to prove prejudice, a claimant must prove that he was unaware of his duty to file a claim before the statute of limitations expired.

If the statutory *per se* absence of prejudice is not triggered, as in this case, then whether a claimant is prejudiced with respect to filing a claim prior to the expiration of the statute of limitations by an employer's failure to timely file the report of an accident is a question of fact. See Hall, 41 Va. App. at 843, 589 S.E.2d at 488. "Findings of fact by the [commission] will be upheld on appeal if supported by credible evidence." Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167-68, 543 S.E.2d 619, 621 (2001).

Credible evidence supports the commission's finding that claimant was prejudiced as a result of employer's failure to timely file the report of accident because he was unaware of the necessity to file a timely claim. The commission found that claimant was entirely unaware of even the existence of the commission until after the statute of limitations had passed. This

limitations for one claim while failing to understand that the same statute of limitations was applicable for a different claim, even if the notice purports to state the statute of limitations for all claims. Furthermore, information contained in a blue letter for one injury may be inapplicable to a different injury. For example, in the instant case, the May 2008 blue letter identified employer's insurer as Travelers Insurance. However, employer's insurer at the time of claimant's May 2007 thumb injury had changed to Firstline National Insurance Company. Claimant repeatedly contacted Travelers Insurance regarding his thumb injury and received no assistance. Thus, consistent with the remedial purposes of the Act to "protect employees," Turf Care, Inc., 51 Va. App. at 336, 657 S.E.2d at 795 (citing Ellis, 182 Va. at 303, 28 S.E.2d at 734), the result reached in the instant case is in no way aberrant.

- 11 -

finding was supported by claimant's testimony, in which claimant stated that he believed he would have to hire an attorney to sue employer to receive compensation and did not learn of the commission until he spoke with his brother, an attorney.

Moreover, from the record before us, we conclude that the commission reconciled its factual finding that claimant may have known of his duty to file a claim for the first accident, but did not know of his duty to file for the second accident. Claimant's receipt of two letters from the commission regarding his January 2007 wrist injury, one in March 2007 and the other in May 2008, does not require a finding that claimant was aware of the necessity of filing a timely claim for his May 2007 thumb injury. First, both of these letters specifically stated that they were in reference to claimant's January 2007 wrist injury. As a result, it could rationally follow that claimant was unaware that the information contained in these letters was applicable in the instant case. Second, as this Court has held, receipt of a blue letter discussing the statute of limitations for one claim does not necessarily require a finding that a claimant had notice of the statute of limitations for another claim. See Metl-Span 1, Ltd. v. Carter, 49 Va. App. 685, 691, 644 S.E.2d 101, 104 (2007); Hall, 41 Va. App. at 843, 589 S.E.2d at 488.

The commission as factfinder resolved any conflict in the evidence regarding prejudice in favor of claimant. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 730, 418 S.E.2d 904, 907 (1992). The commission was entitled to credit claimant's testimony that, in spite of the two letters relating to his January 2007 wrist injury, he was initially unaware of the existence of the commission, and therefore, by implication, of the statute of limitations for filing a claim for his May 2007 thumb injury with the commission. See Great N. Nekoosa Corp. v. Wood, 37 Va. App. 54, 63, 553 S.E.2d 555, 559

(2001) ("'We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, *or the credibility of witnesses*.'" (emphasis added) (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983))).

Credible evidence supported the commission's determination that under the unique factual circumstances of this case, claimant was unaware of the statute of limitations and thus prejudiced by employer's failure to file a first accident report. Because claimant proved prejudice before the commission as a consequence of failing to receive guidance from the commission specifically related to the claim at issue herein, the statute of limitations was tolled until employer filed its accident report on October 9, 2009, in accordance with Code § 65.2-602. Therefore, claimant's August 19, 2009 claim for benefits was timely filed. Accordingly, we find no error in the commission's decision.

<u>Affirmed.</u>

Kelsey, J., concurring in result.

Thomas A. Jewell sustained two work-related accidents on two different occasions. He hurt his wrist on January 19, 2007 and his left thumb on May 22, 2007. Under Code § 65.2-601, Jewell had two years from the date of each accident to file worker's compensation claims. He filed an untimely claim for the left thumb injury. A divided commission excused Jewell's untimely claim on the grounds that his employer also neglected to file a timely "report of accident" and that Jewell suffered actual prejudice — thereby triggering the tolling provisions of Code § 65.2-602.

The majority affirms the commission and, in the process, decides an issue of "first impression." *Ante* at 7. On this issue, I cannot join the majority's reasoning for two reasons. First, it is unnecessary to decide this novel question because no matter the answer, the result remains the same. Second, if it were necessary to decide this issue, I would decide it differently.

## I.  CODE § 65.2-602 TOLLING

In pertinent part, Code § 65.2-602 tolls the statute of limitations if the employer failed to file a timely report of accident and the omission "operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration" of the limitation period. The statute, however, includes a very specific proviso. Among other things, it provides the employee "shall be deemed *not* prejudiced" if he received "after the accident" a notice of his rights in "substantially" the same form as a sample notice provision set out in the statute. Code § 65.2-602 (emphasis added).

With respect to the statute of limitations, the sample notice tells the employee that "such claim may be lost if you do not file it with the Virginia Workers' Compensation Commission within the time limit provided by law." Id. (capitalization omitted). The sample notice then

- 14 -

advises generally, "You may find out what time limit applies to your injury by contacting the Commission." Id.

The notice proviso to the *per se* presumption of non-prejudice, therefore, includes only two essential elements: The notice must (i) be "after the accident" and (ii) in "substantially" the same form as the sample notice set out in the statute. If both elements are satisfied, Code § 65.2-602 provides that the employee "shall be deemed not prejudiced" by the employer's failure to file a timely "report of accident."

The *per se* presumption of non-prejudice, however, defeats tolling only prospectively. It does not "retrospectively eliminate the tolling of the statute of limitations which had already occurred." Commonwealth Med. Inst. v. Stop-Headstart Program, 18 Va. App. 461, 463, 453 S.E.2d 566, 566 (1994); see also Metl-Span 1, Ltd. v. Carter, 49 Va. App. 685, 690 n.1, 644 S.E.2d 101, 104 n.1 (2007); accord Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 707-08 & n.5, 432 S.E.2d 23, 26 & n.5 (1993). Thus, whatever tolling (if any) a claimant can establish under Code § 65.2-602 *prior* to receiving a compliant notice remains unaffected by the *per se* showing of non-prejudice. Id.

In this case, Jewell received a notice from the commission after the accident. Dated May 19, 2008, the notice expressly warned Jewell of the governing statute of limitation:

> *This letter is a reminder regarding your rights under the Virginia Workers' Compensation Act.* Your file indicates that you have made no written claim for medical or wage loss benefits for the Incident listed above, and that no Agreement to Pay Benefits (VWC Form no. 4) has been filed. *The Act requires that <u>all</u> claims for benefits be filed with the Commission within (2) years of the date of the accident.*

App. at 66 (emphasis added). The majority holds this notice did not trigger Code § 65.2-602's *per se* presumption of non-prejudice because the commission sent the notice to Jewell in

response to the employer's report of the wrist injury, not the left thumb injury. This matters, the majority reasons, because the notice received by Jewell substantially differs from the statutory sample notice referring to "the" claim and "such" claim, *ante* at 9, not some other claim. For several reasons, I find this semantic argument weak at best. But, more important, I find it unnecessary to break new ground on this issue.

## II. THE UNNECESSARY ISSUE OF FIRST IMPRESSION

In this case, it does not matter whether the notice Jewell received triggered the *per se* presumption of non-prejudice because, even if it did, it would not retroactively apply to the period between the accident and the notice. See Commonwealth Med. Inst., 18 Va. App. at 463, 453 S.E.2d at 566; see also Metl-Span 1, Ltd., 49 Va. App. at 690 n.1, 644 S.E.2d at 104 n.1. The *per se* presumption of non-prejudice, when it applies, defeats Code § 65.2-602 tolling only prospectively. Id.

Jewell's left-thumb accident occurred in May 2007. He received the commission's notice in May 2008. And he filed his left thumb claim in August 2009. As a result, the commission's notice (if effective) would have precluded tolling (by deeming Jewell *per se* non-prejudiced) from May 2008 to August 2009. But it would not have precluded tolling (if Jewell proved actual prejudice) from May 2007 to May 2008. If the pre-notice tolling applied and the post-notice tolling did not, Jewell still filed his claim within the statutory two years after the accident (May 2008 to August 2009, one year and three months).

The commission held Jewell carried his burden of persuasion by proving he was *actually* prejudiced by the employer's failure to file a timely "report of accident." The majority correctly concludes this factual issue is one we must respect on appeal, whether we agree with it or not. *Ante* at 10-12. Jewell proved he suffered actual prejudice under Code § 65.2-602 *prior* to

- 16 -

receiving the commission's notice and, thus, the initial tolling period (May 2007 to May 2008) remains unaffected by the prospective *per se* showing of non-prejudice. Under the majority's analysis, it is unnecessary to decide whether the commission's notice triggered Code § 65.2-602's *per se* presumption of non-prejudice. Whether it did or not is irrelevant, given the commission's finding of actual prejudice during the period preceding the notice.

In short, I cannot join the majority's reasoning on the issue of "first impression," *ante* at 7, because it departs from our traditional practice of seeking "'the best and narrowest ground available' for our decision," Morris v. City of Va. Beach, 58 Va. App. 173, 180, 707 S.E.2d 479, 482 (2011) (quoting Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010)), and of resolving cases "on what we conceive to be the determinative points," id. (quoting Justice Herbert B. Gregory, Shorter Judicial Opinions, 34 Va. L. Rev. 362, 365 (1948)).

### III. THE ISSUE OF FIRST IMPRESSION

At any rate, I disagree with the majority's view that the commission's notice failed to trigger Code § 65.2-602's *per se* presumption of non-prejudice because the commission sent the notice to Jewell in response to the employer's report of the wrist injury, not the left thumb injury. For various reasons, I find this conclusion as unpersuasive as it is unnecessary.

To begin with, commission precedent on this issue has been settled for nearly two decades. In Adkins v. Nabisco Biscuit, VWC No. 161-79-17 (July 16, 1996), aff'd, No. 1803-96-2, 1997 Va. App. LEXIS 513 (1997), the commission held that an otherwise compliant notice for one accident is sufficient to provide notice for another accident for purposes of the *per se* presumption of non-prejudice under Code § 65.2-602.[9] It is "of no moment," the commission

---

[9] In Jewell's case, the dissenting opinion addressed Adkins. The majority opinion did not. See Jewell v. Falls Church Cabinetry, No. 241-45-66, 2011 Va. Wrk. Comp. LEXIS 81 (July 20, 2011).

reasoned, that the claimant received a notice of rights in response to a different accident. Id. "The rights and responsibilities of the parties were the same as to either accident . . . ." Id.

I agree with Adkins. The commission's notice to Jewell did not limit itself to the wrist injury. In no uncertain terms, the notice stated it served as "a reminder regarding your rights under the Virginia Workers' Compensation Act." App. at 66. And, with respect to the statute of limitations, the reminder was general, not specific: "The Act requires that *all* claims for benefits be filed with the Commission within (2) years of the date of the accident." Id. (emphasis added). Not *some* claims, not just the *wrist* claim — but "*all* claims for benefits" under the Act. Id. (emphasis added).

Along these same lines, an internally consistent interpretation of Code § 65.2-602 must take into account that "a workers' compensation guide" can also trigger the *per se* presumption of non-prejudice just as effectively as a notice substantially similar to the statute's sample notice. The guide generally "informs an injured employee of his rights," Code § 65.2-201, and does not limit itself to a specific accident or claim.[10] "According to the plain language of the statute, if the employer did not file a First Report, yet the claimant received a guide from the commission, then the claimant would not be prejudiced." Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 842, 589 S.E.2d 484, 488 (2003). Yet the majority's reasoning — that only a notification *specific* to a *particular* accident complies with Code § 65.2-602 — could not possibly apply to the guide.

---

[10] The relevant portion of the guide explains: "An employee must file a claim with the Workers' Compensation Commission within two years from the date of the accident or any right to benefits may be lost." Injured Worker's Guide: Information for Employees, available at http://www.vwc.state.va.us/portal/vwc-website/ComServices/ComSrvcForInjuredWorkers/ ComSrvcForInjuredWorkersGuide. Nothing in the guide suggests it refers to a particular accident.

To be sure, the notice received by Jewell went further than the sample statutory notice. Code § 65.2-602's sample notice obliquely informs the employee that a claim "may be lost" if not filed "within the time limit provided by law." Nowhere does it advise the employee of the exact time limit. In contrast, the actual notice received by Jewell made clear that "*all* claims for benefits" must be "filed with the Commission within *(2) years* of the date of the accident." App. at 66 (emphasis added). Thus, to the extent Jewell's notice was substantially different than the statutory sample notice, it was substantially better.

We need not judicially fashion a limiting principle for the statute. It has its own. The commission's notice must be received "after the accident," Code § 65.2-602, not before it. This clarification necessarily presupposes that a notice, if substantially similar to the statute's sample language, could refer to a different accident and yet still trigger the *per se* presumption of non-prejudice. After all, a notice could never refer to an accident that has not yet happened. If a notice for one accident could *never* be sufficient for another, then the statute's after-the-accident limiting principle would be superfluous. By its very nature, a before-the-accident notice will always refer to a different accident.

Finally, the majority's construction of Code § 65.2-602's tolling provision would lead to anomalous results. Take Jewell's case as an example. He had two accidents on two different dates. The employer filed the required accident report for the first accident, but not the second. Suppose Jewell had filed untimely claims for both injuries. Under the majority's interpretation, Code § 65.2-602 would apply a *per se* presumption of non-prejudice to the first claim, but not the second. The law would thus deem Jewell at once aware and unaware of the statute of limitation. This disparity in treatment cannot be explained, much less persuasively reconciled.

- 19 -

IV. CONCLUSION

In sum, I see no need for the majority to break new ground on the issue of "first impression," *ante* at 7, a matter legally and logically unnecessary for us to decide. If it were necessary to decide the issue, I would hold the commission's May 2008 notice triggered Code § 65.2-602's *per se* presumption of non-prejudice.